THE PEOPLE *ex rel.* John L. Bonar, County Collector, Appellee, *vs.* THE KANKAKEE AND SENECA RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*the record need not show when or how meeting was called.* The record of the meeting of highway commissioners to fix the rate for road and bridge taxes need not show when or how the meeting was called, and if the record shows that the commissioners, all being present at the proper place within the time fixed by statute, have taken the action required by law it is sufficient.

2. SAME—*record may be amended to show the true fact.* If the highway commissioners did, in fact, hold the two meetings required by sections 50 and 56 of the Roads and Bridges act of 1915 and took the action required by law the record may be amended to show the fact upon proper proof, though the clerk, being of the opinion that the action at the two meetings was identical, made a record of the first meeting, and then, when the next meeting was held, merely crossed out the date of the first meeting and inserted the date of the second.

3. SAME—*record of meetings need not be signed by the commissioners of highways.* The record of the meetings of highway commissioners is required by the Roads and Bridges act of 1913 to be kept by the town clerk, and it need not be signed by the highway commissioners.

4. SAME—*law raises no presumption as to whether a town has one or three highway commissioners.* One objecting that the certificate of road and bridge taxes of a certain town is invalid because it is signed by only one commissioner must show whether the town is operating under the one commissioner or three commissioners system, as the law raises no presumption about it.

5. SAME—*commissioners cannot fix the rate for road tax and outstanding debts.* The tax rate to be fixed by the highway commissioners is for the purpose of the construction, maintenance and

271 — 2

repair of roads and bridges and should not include the payment of any outstanding debts.

6. SAME—*when levy of extra one-half per cent for educational purposes is valid.* The levy of an extra one-half per cent for educational purposes is valid if it sufficiently appears from the evidence that the proposition for an additional levy was submitted to the voters and received a majority of the votes cast at the election.

APPEAL from the County Court of Grundy county; the Hon. GEORGE BEDFORD, Judge, presiding.

W. R. HUNTER, and CORNELIUS REARDON, for appellant.

FRANK H. HAYES, State's Attorney, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Kankakee and Seneca Railroad Company filed objections to judgment against its property for certain road and bridge taxes and a certain school tax. The county court of Grundy county overruled the objections and rendered judgment for the taxes, from which the objector has appealed.

An objection to the road and bridge tax common to several of the towns was, that the time for holding the regular semi-annual meeting between the first Tuesday in August and the first Tuesday in September was not fixed by the president of the board of highway commissioners. Where the meeting was held within the time required by law it is not necessary that the record should show when it was called or how it was called. The statute does not require any public notice and does not specify the character of notice to be given to the commissioners. Where the record shows that the commissioners, all being present at the proper place of meeting within the time fixed by the statute, have taken the action required by law the statute is complied with.

The objection made to the road and bridge tax of the town of Greenfield was that the two meetings required by law were not held by the highway commissioners. The town clerk's record shows the record of a meeting at which, upon motion made, seconded and carried, the commissioners determined that the amount necessary to be raised by taxation for the ensuing year for the proper construction, maintenance and repair of roads and bridges in said town was $2300. As originally written this record was dated August 29, but when introduced in evidence a line had been drawn through this date and the date September 1 had been written below it. The town clerk testified that a meeting was held on August 29 and that this record was then written; that another meeting was held on September 1, at which the line was drawn through the date August 29 and the date changed to September 1 because in the opinion of the clerk the action at the two meetings was identical. It was shown by the commissioners that at the meeting held on August 29 a motion was made, seconded and carried that they levy a rate of forty-five cents on each $100 for the purpose of maintaining roads and bridges in the township. Thereupon the clerk was permitted to, and did, amend his record so as to show that a meeting of the commissioners was held on August 29, at which the rate of taxation was fixed by the commissioners at forty-five cents on each $100 valuation. The record then showed the two meetings required by law. This amendment was properly allowed and it obviated the objection.

In the town of Garfield the records of the meetings of the commissioners were not signed by the commissioners, and it is argued that the record is therefore not valid. The Road and Bridge law of 1913 requires the record to be kept by the town clerk and does not require that it should be signed by the commissioners.

In regard to the road and bridge tax of the town of Vienna it is argued that the certificate to the supervisors of

the amount necessary to be raised by taxation was signed by but one commissioner and is therefore void. There is no evidence as to whether Vienna was operating under the single highway commissioner system or the three highway commissioners system. The collector's return made a *prima facie* case entitling him to judgment unless a sufficient defense was shown. If the commissioners' certificate was defective because the town was operating under the three commissioners system the burden was on the appellant to show it. The law raises no presumption about it.

In the town of Maine the record showed meetings of the highway commissioners but showed no action taken in regard to the taxes. Evidence was introduced that at the meetings on August 29 and September 1, respectively, the commissioners did fix the rate and determine the amount of money required to be raised by taxation, and after the introduction of such evidence the clerk was permitted to, and did, amend the records of those meetings so as to show such action taken by the commissioners. The objection was thereupon properly overruled.

The case of the town of Mazon is in the same condition. The record failed to show a meeting of the highway commissioners on September 1 for the purpose of determining the amount of money to be raised. Evidence of two of the commissioners and the town clerk was received showing that such meeting was held and that the amount was determined upon, and the record was amended accordingly to show that fact. The objection was thereupon rightly overruled.

An objection to the road and bridge tax of the town of Norman was that the commissioners, at their meeting on August 31, fixed the rate of .308 per cent to be levied for road and bridge purposes and for the payment of any outstanding debts. The tax rate to be fixed by the commissioners was for the construction, maintenance and repair of roads and bridges and not for the payment of any outstanding debts. This action of the commissioners was therefore

not a compliance with the law, and this objection should have been sustained.

In school district No. 74 the board of education levied two per cent for educational purposes and $1000 for building purposes. The additional levy of fifty cents for educational purposes was made by virtue of an election alleged to have been held pursuant to the terms of section 189 of the School law, which authorizes the board of education, if it desires to levy in any one year more than one and one-half per cent but not more than two per cent for educational purposes, by a resolution stating the percentage so desired, to cause a proposition for an assent thereto to be submitted to the voters of the district at any general school election or a special election for that purpose, and if at such election a majority of the votes cast on said proposition should be in favor thereof, authorizes the board of education to levy the percentage of tax mentioned in the resolution. The record of the board of education shows at a meeting on March 27, 1914, the following: "Regular moved and seconded that we have a resolution adopted to levy 2 per cent on educational fund and have same submitted to the voters at the next coming election, all members vote yea. President appoint English & Boetto, Bottino, judges & clerk of election. Poll will open from 3 to 5 P. M. Meeting adjourned." On April 27, 1914, the record shows the following proceedings: "Apr. 27, 1914.—Regular meeting of school dist. 74 was call to order by president Greene presiding the roll call English, Boetto, Kratina, Rohenetti, Olling. Bottino, Minutes of previous meeting read and approved, carried. The result of school election held in the village hall on April the 18, 1914, for electing one president and two members of board of education and also and extra levy of one-half cent in all taxable property of the above mention district. Result as follows: Daniel Greene elected president received 25 votes. Joe Ronchetti & Chas. Bottino members received 25 votes each. In favor of one-

half cent tax levy 13 votes; against one-half cent tax levy 11 votes. One didn't vote. Meeting adjourned."

The treasurer of the township testified that the returns of the school election in district No. 74 of April 18, 1914, were returned to him but that he did not have them; that he could not find them; that he had made a search for them and thought they had been destroyed by mistake; that he recorded the returns and produced the record, as follows: "Levy extra half cent for educational purposes carried April 18, 1914." It thus appears that the proposition for the additional levy was submitted to the voters and received a majority of all the votes cast on that question.

It is argued that the president, instead of appointing two judges and one clerk of the election, as required by law, appointed two, only. The record of the meeting of April 27 shows the board of education to have consisted of the president, Greene, and the following members: English, Boetto, Kratina, Ronchetti, Olling and Bottino. At the previous meeting the record shows the president appointed "English & Boetto, Bottino, judges & clerk of election." It is manifest from the record that the clerk who kept it was neither skillful as a clerk nor thoroughly familiar with the English language, but enough appears to show the action that was taken in naming the persons appointed judges and clerk of election. The character "&" was misplaced, but the names of three members of the board were used, and it is clear that the three were appointed the judges and clerk of election. The objection to the school tax was properly overruled.

The judgment of the county court will be affirmed in all respects except as to the road and bridge tax of the town of Norman, and as to that it will be reversed and the cause will be remanded, with directions to sustain the objection to that tax.

*Reversed in part and remanded, with directions.*